IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FRANKLIN BLUNT, | § | |
| | § | No. 709, 2014 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware, |
| | § | in and for Kent County |
| STATE OF DELAWARE, | § | Cr. ID No. 1309007699 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 6, 2015
Decided: June 4, 2015

Before **HOLLAND**, **VALIHURA**, and **SEITZ**, Justices.

### **O R D E R**

This 4th day of June, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1)    On July 1, 2014, a Superior Court jury found the appellant, Franklin Blunt, not guilty of Attempted Escape in the Second Degree and guilty of Attempting to Remove a Firearm from the Possession of a Law Enforcement Officer.  Blunt was sentenced to fifteen years of Level V incarceration, suspended after two years for one year of Level III probation.  This is Blunt's direct appeal.

(2)    On appeal, Blunt's counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)").  Counsel asserts that,

based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Blunt of the provisions of Rule 26(c) and provided Blunt with a copy of the motion to withdraw and the accompanying brief.

(3) Counsel also informed Blunt of his right to identify any points he wished this Court to consider on appeal. Counsel initially informed Blunt that he had to deliver any points within fourteen days, instead of thirty days as set forth in Supreme Court Rule 26(c)(i)(B), and Blunt did not submit any points. Counsel met with Blunt again to make certain that Blunt did not intend to submit any points and Blunt still has not identified any points for this Court to consider. The State has responded to the Rule 26(c) brief and moved to affirm the Superior Court's judgment.

(4) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(5) This Court has reviewed the record carefully and has concluded that the Blunt's appeal is wholly without merit and devoid of any arguably appealable

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

issue. We also are satisfied that Blunt's counsel has made a conscientious effort to examine the record and the law and has properly determined that Blunt could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:


/s/ Karen L. Valihura
Justice

3