IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JASON LINEWEAVER, | § | |
| | § | No. 696, 2014 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware, |
| | § | in and for Sussex County |
| STATE OF DELAWARE, | § | Cr. ID No. 1209017747 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 1, 2015
Decided: June 25, 2015
Revised: June 29, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## **O R D E R**

This 25th day of June, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1)     On November 5, 2012, Jason Lineweaver was indicted on multiple charges arising from a home invasion in which Lineweaver and two other people broke into a home, beat and tied up the homeowner, and stole firearms.  On April 17, 2013, Lineweaver pled guilty to Possession of a Firearm During Commission of a Felony ("PFDCF"), Assault in the Second Degree, Home Invasion, and Possession of a Deadly Weapon by a Person Prohibited ("PDWBPP").  On June

28, 2013, Lineweaver was sentenced to a total of forty-six years of Level V incarceration, suspended after fifteen years for decreasing levels of supervision. Lineweaver did not appeal the Superior Court's judgment.

(2) On January 10, 2014, Lineweaver filed his first motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). In this motion, Lineweaver argued that his former counsel ("Former Counsel") was ineffective because: (i) he refused to obtain Lineweaver's mental health records, which might have contained information that could be used in a motion to suppress Lineweaver's statement to the police; and (ii) he did not file a motion to suppress Lineweaver's statement to the police based on Lineweaver being under the influence of psychiatric medication at the time of his statement. Postconviction counsel ("Postconviction Counsel") was appointed to represent Lineweaver.

(3) Former Counsel submitted an affidavit in response to Lineweaver's motion for postconviction relief. Former Counsel stated that Lineweaver never asked him to obtain psychiatric records for use in his defense. Former Counsel further stated that his communications with Lineweaver and his family were primarily focused on Lineweaver's drug addiction. As to a motion to suppress, Former Counsel stated that he discussed such a motion with Lineweaver, but Former Counsel did not believe a motion to suppress was viable because Lineweaver did not appear under the influence at the time of his statement. Even if

Lineweaver's statement had been suppressed, Former Counsel noted that Lineweaver's co-defendants made statements implicating Lineweaver.

(4) On August 8, 2014, Postconviction Counsel informed the Superior Court that Lineweaver wished to proceed with his motion for postconviction relief. Postconviction Counsel also amended Lineweaver's motion to include a claim that Lineweaver's mental health records could have had a mitigating effect on Lineweaver's sentence. Postconviction Counsel subsequently filed a motion to withdraw as Lineweaver's counsel under Rule 61(e)(2). Postconviction Counsel stated he reviewed the record and did not find any evidence of ineffective assistance by Former Counsel.

(5) In a letter dated November 26, 2014, the Superior Court denied Lineweaver's motion for postconviction relief. The Superior Court found that Former Counsel and Lineweaver discussed the pros and cons of a motion to suppress and Former Counsel made a strategic decision not to file a motion to suppress. As to Lineweaver's claim regarding his mental health records, the Superior Court noted that no mental health records were offered to support Lineweaver's claim. The Superior Court concluded that Lineweaver failed to establish his Former Counsel's representation "fell below an objective standard of reasonableness" under *Strickland v. Washington*.[1] This appeal followed.

---

[1] 466 U.S. 668, 688 (1984).

(6)   On appeal, Postconviction Counsel filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)"). Postconviction Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Postconviction Counsel represents that he provided Lineweaver with a copy of the motion to withdraw and the accompanying brief and informed Lineweaver of his right to identify any points he wished this Court to consider on appeal. Lineweaver has not identified any points for this Court to consider. The State has responded to the Rule 26(c) brief and moved to affirm the Superior Court's judgment.

(7)   When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[2]

(8)   This Court has reviewed the record carefully and has concluded that Lineweaver's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Lineweaver's counsel has made a

---

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

4

conscientious effort to examine the record and the law and has properly determined that Lineweaver could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:


/s/ Karen L. Valihura
Justice