IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BOOKER T. MARTIN, | § | |
| | § | No. 284, 2015 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below: |
| v. | § | Superior Court of the |
| | § | State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1403020022 |
| Plaintiff Below, | § | |
| Appellee. | | |

Submitted: November 6, 2015
Decided: January 4, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

### O R D E R

This 4th day of January, 2016, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1) In May 2014, the appellant, Booker T. Martin, was indicted on various charges including Aggravated Possession of Heroin in a Tier 5 Quantity, Possession of Drug Paraphernalia, and Menacing. On February 20, 2015, Martin pled guilty to Aggravated Possession of Heroin in a Tier 2 Quantity, a lesser included offense of Aggravated Possession of Heroin in a Tier 5 Quantity. In exchange, the State agreed to dismiss the remaining charges against Martin and to cap its sentencing recommendation to four years of Level V incarceration. The

State filed a motion to declare Martin a habitual offender under 11 *Del. C.* § 4214(a).

(2)    After Martin pled guilty, his counsel ("Counsel") informed the Superior Court that Martin wished to withdraw his guilty plea. Martin explained the basis for this request in a letter to the Superior Court. At Martin's March 27, 2015 sentencing hearing, Counsel told the Superior Court that Martin wished to withdraw his guilty plea because he believed that the laboratory's calculation of the weight of the heroin was incorrect.[1] The Superior Court delayed sentencing so that Counsel could explore the laboratory's calculations to determine whether to file a motion to withdraw Martin's guilty plea.

(3)    On April 10, 2015, Counsel updated the Superior Court on what he had learned regarding how the laboratory calculated the weight of the heroin. Counsel stated that he was satisfied with the explanation he had received, he believed the laboratory's testing to be reliable and accurate, and he did not know of a basis to file a motion to withdraw Martin's guilty plea. Martin stated that he believed the laboratory's testing was insufficient under Delaware law and that he should be permitted to withdraw his guilty plea. The Superior Court stated that it did not see a basis for Martin to file a motion to withdraw his guilty plea and that it would have denied such a motion if one had been filed.

---

[1] The heroin in this case was not tested at the Office of the Chief Medical Examiner, but was instead tested at NMS Laboratories in Pennsylvania.

(4) The Superior Court granted Martin's request that a different judge sentence him. On May 22, 2015, Martin was declared a habitual offender under 11 *Del. C.* § 4214(a). Martin was sentenced, effective August 10, 2014, to three years of Level V incarceration, followed by six months of Level III probation. Since Martin's sentencing, Counsel learned of a challenge in another case to the methodology used by NMS Laboratories. Counsel now believes that the methodology used by NMS Laboratories might not have satisfied the requirements of appropriate hypergeometric sampling to yield a reliable result.

(5) On appeal, Counsel filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)"). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel represents that he provided Martin with a copy of the motion to withdraw and the accompanying brief and informed Martin of his right to identify any points he wished this Court to consider on appeal. Martin has not identified any points for this Court to consider. The State has responded to the Rule 26(c) brief and moved to affirm the Superior Court's judgment.

(6) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally

3

devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[2]

(7)    This Court has reviewed the record carefully and has concluded that Martin's appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that Martin's counsel has made a conscientious effort to examine the record and the law and has properly determined that Martin could not raise a meritorious claim in this appeal.  Any claims regarding Counsel's possibly incorrect conclusions about the reliability of NMS Laboratories' testing before Martin's sentencing will not be considered for the first time on direct appeal.[3]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:


/s/ Karen L. Valihura
Justice

---

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).
[3] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).