IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KEITH MARTIN, | § | |
| | § | No. 458, 2015 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | Cr. ID No. 1305003298 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: January 14, 2016
Decided: February 23, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## <u>ORDER</u>

This 23rd day of February 2016, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1)     On May 6, 2014, the appellant, Keith Martin, pled guilty to Assault in the Second Degree and Act of Intimidation. In exchange for the guilty plea, the State agreed to dismiss the remaining charges against Martin, to seek habitual offender sentencing on the Assault in the Second Degree charge, but not on the Act of Intimidation charge, and to cap its sentencing recommendation to sixteen years of non-suspended Level V time.

(2) On July 23, 2014, Martin filed a *pro se* motion to withdraw his guilty plea, which was referred to Martin's counsel. At the August 1, 2014 sentencing hearing, Martin objected to the State's motion to declare him a habitual offender under 11 *Del. C.* § 4214(a) and withdrew his motion to withdraw his guilty plea. After letter briefing on the State's habitual offender petition, the Superior Court granted the petition. Martin then filed another *pro se* motion to withdraw his guilty plea, which the Superior Court denied on July 9, 2015.

(3) On August 14, 2015, the Superior Court sentenced Martin. Effective May 5, 2013, Martin was sentenced as a habitual offender for Assault in the Second Degree to twelve years of Level V incarceration, and for Act of Intimidation, five years of Level V incarceration, suspended for decreasing levels of supervision.

(4) On appeal, Martin's counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)"). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel represents that he provided Martin with a copy of the motion to withdraw and the accompanying brief and informed Martin of his right to identify any points he wished this Court to consider on appeal. Martin has not identified any points for this Court to consider. The State has responded to the Rule 26(c) brief and moved to affirm the Superior Court's judgment.

(5)     When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(6)     This Court has reviewed the record carefully and has concluded that Martin's appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that Martin's counsel has made a conscientious effort to examine the record and the law and has properly determined that Martin could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).