IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JACKSON FORRESTER, | § | |
| | § | No. 517, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1310013355 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 24, 2016
Decided: July 18, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 18th day of July 2016, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1) On July 14, 2015, after a one day trial, a Superior Court jury found the appellant, Jackson Forrester, guilty of Theft Under $1,500 Where a Victim is 62 Years of Age or Older and Criminal Trespass in the Second Degree. Forrester was sentenced to two years of non-suspended Level V time. This is Forrester's direct appeal.

(2) On appeal, Forrester's counsel ("Counsel") filed a brief and a motion to withdraw pursuant to Supreme Court Rule 26(c) ("Rule 26(c)").

Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Forrester of the provisions of Rule 26(c) and provided Forrester with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Forrester of his right to identify any points he wished this Court to consider on appeal. Forrester has raised several issues for this Court's consideration. The State has responded to the issues raised by Forrester and moved to affirm the Superior Court's judgment.

(3)  When reviewing a motion to withdraw and an accompanying brief, this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(4)  The following evidence was presented at trial. On September 30, 2013, a woman, who was 68 at the time of trial, went to Delaware Park with her husband. At 7:20 p.m., the woman put her Delaware Park players' reward card in a slot machine. Delaware Park uses players' reward cards to

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

track customers' playing habits, including how much money customers spend and their winnings.

(5)    The woman hit the jackpot on the slot machine. She briefly left the slot machine to tell her husband that she had won. When she returned to the machine, she pressed a button to retrieve her winning ticket. The machine did not discharge a ticket. The woman reported the problem to the casino.

(6)    A Delaware Park slot technical manager testified that the slot machine with the woman's players' reward card had created a winning ticket for $524 at 7:22 p.m. and that the ticket was redeemed shortly thereafter. Surveillance video showed the woman leaving the slot machine and a man in a red hat approaching the slot machine. The man then left the slot machine, went to a kiosk, left the casino, and walked toward a purple van.

(7)    Delaware Park security informed James Diana, an agent with the Delaware Division of Alcohol and Tobacco Enforcement, of the theft of the $524 winning ticket. After reviewing the surveillance video, Diana looked for a purple van in the Delaware Park parking lot on October 21, 2013. Diana saw a purple van and a person who looked like the man in the surveillance video approaching the van. Diana identified Forester as the man she saw in the parking lot and the surveillance video. Forrester was not

3

authorized to be on the Delaware Park premises on September 30, 2013 because he committed prior thefts at Delaware Park.

(8)     The jury found Forrester guilty of Theft Under $1,500 Where a Victim is 62 Years of Age or Older and Criminal Trespass in the Second Degree.  The State filed a motion to declare Forrester a habitual offender under 11 *Del C.* § 4214(a).  The Superior Court granted the motion.  The Superior Court sentenced Forrester as follows: (i) for Theft Under $1,500 Where a Victim is 62 Years of Age or Older, as a habitual offender, two years of Level V incarceration; and (ii) for Criminal Trespass in the Second Degree, thirty days of Level V incarceration, suspended for one year of Level II probation.  This appeal followed.

(9)     On appeal, Forrester first argues that the victim never had possession of the winning ticket.  We construe this as an argument that there was insufficient evidence to support Forrester's conviction for Theft Under $1,500 Where a Victim is 62 Years of Age or Older.  Forrester did not move for a directed verdict or judgment of acquittal so we review this claim for plain error.[2]

(10)   In reviewing whether there was sufficient evidence supporting Forrester's conviction, the Court must determine whether, viewing the

---

[2] Supr. Ct. R. 8; *Swan v. State*, 820 A.2d 342, 358 (Del. 2003).

evidence in the light most favorable to the State, a rational trier of fact could have found the defendant guilty beyond a reasonable doubt.[3] A person is guilty of Theft Under $1,500 Where a Victim is 62 Years of Age or Older when they take property from a person who is 62 or older with the intent to deprive that person of the property or to appropriate the property.[4]

(11) The victim, who was 68 at the time of trial, testified that she was playing a slot machine on September 30, 2013 with her Delaware Park players' reward card when she hit the jackpot. Video surveillance showed Forrester at the slot machine after the victim left it. There was evidence that a winning ticket for $542 was generated at 7:22 p.m. in a slot machine with the victim's Delaware Park players' rewards card, the victim was unable to retrieve the winning ticket from the slot machine, and the winning ticket was redeemed at 7:23 p.m. Viewing the evidence in the light most favorable to the State, a rational trier of fact could find Forrester guilty of Theft Under $1,500 Where a Victim is 62 Years of Age or Older beyond a reasonable doubt.

(12) Forrester next argues that his trial counsel was ineffective because he failed to ask the victim certain questions and ignored Forrester's

---

[3] *Williamson v. State*, 113 A.3d 155, 158 (Del. 2015).
[4] 11 *Del. C.* § 841(a), 841(c)(2).

desire to testify. This Court will not review claims of ineffective assistance of counsel for the first time on direct appeal.[5]

(13) Finally, Forrester contends that he is entitled to credit for time served between his arrest on October 21, 2013 and his posting of bail on November 4, 2013. The State concedes that Forrester is entitled to credit for this time. The Superior Court docket reflects that the Superior Court has modified Forrester's sentence to give him credit for this time. It is therefore unnecessary for us to address this claim.

(14) This Court has reviewed the record carefully and has concluded that Forrester's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Forrester could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Justice

---

[5] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1997).