IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KEVIN M. BUNKE, | § | |
| | § | No. 370, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1410006032 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 28, 2016
Decided: January 17, 2017

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

## O R D E R

This 17th day of January 2017, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1) On June 3, 2015, the appellant, Kevin M. Bunke, pled guilty to Reckless Endangering in the First Degree, Theft of a Motor Vehicle, Vehicular Assault in the Second Degree, and Driving Under the Influence of Drugs. In exchange, the State agreed to dismiss the remaining charges against Bunke and to discharge a pending VOP against Bunke in the Court of Common Pleas. The State filed a motion to declare Bunke a habitual offender under 11 *Del. C.* § 4214(a).

(2) On January 29, 2016, the Superior Court ordered Bunke to undergo a psychiatric evaluation. The psychiatric evaluation was filed on May 4, 2016. Bunke was sentenced on June 24, 2016.

(3) In response to the Superior Court's inquiry, Bunke's counsel stated there was no dispute regarding the conclusion of the psychiatric evaluation that Bunke was competent to proceed to sentencing. After Bunke's counsel stated that he had no good faith basis to oppose the State's motion to declare Bunke a habitual offender, the Superior Court declared Bunke a habitual offender under 11 *Del. C.* § 4214(a). The Superior Court sentenced Bunke, effective October 9, 2014, as follows: (i) for Reckless Endangering in the First Degree, as a habitual offender, eight years of Level V incarceration; (ii) for Theft of a Motor Vehicle, two years of Level V incarceration, suspended for eighteen months of Level III probation; (iii) for Vehicular Assault in the Second Degree, one year of Level V incarceration, suspended for year of Level III probation; and (iv) for Driving under the Influence of Drugs, one year of Level V incarceration suspended for one year of Level III probation. This appeal followed.

(4) On appeal, Bunke's appellate counsel ("Counsel") filed a brief and a motion to withdraw under Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues.

2

Counsel represents that he provided Bunke with a copy of the motion to withdraw and the accompanying brief and informed Bunke of his right to identify any points he wished this Court to consider on appeal. Bunke has not identified any points for this Court to consider. The State has responded to the Rule 26(c) brief and moved to affirm the Superior Court's judgment.

(5) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1] This Court has reviewed the record carefully and has concluded that Bunke's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Bunke could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/ Randy J. Holland
Justice

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

3