**Felicite LEACOCK, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

**No. 491, 1995.**

Supreme Court of Delaware.

Submitted: July 11, 1996.
Decided: July 25, 1996.
Opinion Issued: Oct. 8, 1996[1].

---

1. The July 25, 1996 Order is vacated and this     Opinion is issued in lieu thereof.

Edmund M. Hillis, Office of the Public Defender, Wilmington, for appellant.

Loren C. Meyers, Department of Justice, Wilmington, for appellee.

Before WALSH, HOLLAND and HARTNETT, JJ.

HOLLAND, Justice:

A Superior Court jury convicted the defendant-appellant, Felicite Leacock ("Leacock"), of trafficking in cocaine and possession with intent to deliver cocaine. The jury acquitted Leacock of conspiracy and resisting arrest. The Superior Court sentenced Leacock to five years in jail, suspended after a three year mandatory term of incarceration for probation.

Leacock's counsel on appeal has filed a brief and a motion to withdraw pursuant to Supreme Court Rule 26(c) ("Rule 26(c)"). Leacock's counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, Leacock's attorney informed her of the provisions of Rule 26(c). Leacock was provided with a copy of the motion to withdraw and the accompanying brief. Leacock also was informed of her right to supplement her attorney's presentation. Leacock has raised several issues for this Court's consideration.

### Motion to Affirm

The State has responded to the position taken by Leacock's counsel and the points raised by Leacock. The State has moved to affirm the Superior Court's decision. This opinion grants the State's motion.

### Standard of Review

■ The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this·

Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation. *Penson v. Ohio,* 488 U.S. 75, 83, 109 S.Ct. 346, 351, 102 L.Ed.2d 300 (1988); *McCoy v. Court of Appeals,* 486 U.S. 429, 442, 108 S.Ct. 1895, 1903–04, 100 L.Ed.2d 440 (1988); *Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967).

### Ineffective Assistance Counsel

■ Leacock has raised two distinct issues for this Court's consideration. First, Leacock contends that her trial counsel was ineffective for a variety of reasons. This Court, however, will not consider claims of ineffective assistance of counsel raised for the first time on direct appeal. *Duross v. State,* Del. Supr., 494 A.2d 1265, 1267 (1985); Supr.Ct.R. 8.

### Prosecutor's Opening Statement

■ Leacock next contends that the Superior Court erred in not declaring a mistrial following an allegedly inflammatory remark made by the prosecutor during his opening statement. The record reflects that the prosecutor stated during his opening that Leacock had a job and her job was selling drugs. Even if we assume that the prosecutor's remark was improper, reversal of Leacock's convictions is required only if the remark prejudicially affected Leacock's substantial rights. *Diaz v. State,* Del.Supr., 508 A.2d 861, 866–67 (1986). In reviewing Leacock's claim of prosecutorial misconduct, this Court must examine the closeness of the case, the centrality of the issue affected by the alleged error, and the steps taken to mitigate the effects of the error. *Hughes v. State,* Del.Supr., 437 A.2d 559, 571 (1981).

Applying that test here, the record reflects that the State's case against Leacock was based on overwhelming evidence. Several officers testified that, while executing a search warrant of a residence, they saw Leacock, who was the only occupant in the house, run into a bathroom and attempt to flush an object down the toilet. One officer retrieved the object while a second officer struggled with Leacock in an effort to place handcuffs on her. The object retrieved was a plastic bag containing twenty-four smaller bags, which were later found to contain 5.45 grams of crack cocaine.

Leacock testified in her own defense. She stated that she was visiting at the house when a stranger, claiming to be a friend of the homeowner's, knocked on the door and asked to use the bathroom. Leacock permitted the woman to use the bathroom. After the woman left, Leacock stated that she went into the bathroom to comb her hair when a police officer entered the bathroom and pushed her into the bathtub. Thus, Leacock's defense consisted almost entirely of her own testimony, which was unequivocally contradicted by the eyewitness testimony of several State witnesses. In viewing the record evidence, the Court does not find Leacock's case to be a close one.

Furthermore, the Court finds that the trial court properly exercised its discretion and struck an appropriate balance in responding to the prosecutor's remark. *Hughes v. State,* 437 A.2d at 571. The record reflects that defense counsel immediately objected to the prosecutor's statement on the ground that it was argumentative. In his own defense, the prosecutor argued that his statement that Leacock had a job selling drugs was the central issue in the case and was a fair statement of what the State intended to prove by its evidence against Leacock. The trial judge allowed the remark but then cautioned the prosecutor to limit his opening comments.

■ In viewing the prosecutor's isolated comment in the context of his entire opening statement, the Court finds the comment reflective of the prosecutor's good faith belief that the evidence would prove Leacock had a job selling drugs. *See Hughes v. State,* 437 A.2d at 567. Thus, although the comment should have been phrased as a contention, we find the trial court's decision to allow the isolated comment, along with a warning to the prosecutor to correlate his remarks with the State's evidence, to be a proper exercise of the trial court's discretion. *Id.* at 571. Consequently, in light of the overwhelming

evidence against Leacock and because this Court finds that the trial court acted appropriately in response to the prosecutor's remark, we find no prejudice to Leacock from the alleged misconduct. We conclude that the Superior Court did not err in failing to declare a mistrial based on the isolated remark.

### Conclusion

This Court has reviewed the record carefully and has concluded that Leacock's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Leacock's counsel has made a conscientious effort to examine the record and has properly determined that Leacock could not raise a meritorious claim in this appeal.

The State's motion to affirm is granted. The judgments of the Superior Court are affirmed. The motion to withdraw is moot.