IN THE SUPREME COURT OF THE STATE OF DELAWARE

DAVID PENNINGTON, § 
 § 
   Defendant Below, § No. 439, 2014
   Appellant, § 
 § Court Below—Superior Court
   v. § of the State of Delaware,
 § in and for Sussex County
STATE OF DELAWARE, § Cr. ID No. 1302020857
 § 
   Plaintiff Below, § 
   Appellee. § 

Submitted: November 20, 2014
Decided: December 15, 2014

Before **STRINE**, Chief Justice, **RIDGELY**, and **VALIHURA**, Justices.

# O R D E R

This 15th day of December 2014, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1) In April 2013, the appellant, David Pennington, was indicted on two counts of Dealing in Child Pornography. On June 20, 2013, Pennington pled guilty to one count of Dealing in Child Pornography and one count of Possession of Child Pornography. After a presentence investigation, Pennington was sentenced to twenty-five years of Level V incarceration, with credit for 225 days previously served, for Dealing in Child Pornography and three years of Level V incarceration, followed by six months of Level IV Home Confinement, for

Possession of Child Pornography. In imposing the maximum sentence, the Superior Court judge expressed his concern for the risk posed by Pennington to children in the community.

(2) On November 13, 2013, Pennington filed a *pro se* motion for postconviction relief. In this motion, Pennington argued that there was vindictive prosecution because his sentence exceeded the sentencing guidelines and the recommendation of the prosecutor, his sentence was improperly enhanced, he received no benefit from the plea agreement, and his counsel was ineffective. The Superior Court appointed counsel ("Postconviction Counsel") to represent Pennington and directed Postconviction Counsel to file any amendments to Pennington's motion for postconviction relief by May 30, 2014.

(3) On May 29, 2014, Postconviction Counsel filed a motion to withdraw under Superior Court Criminal Rule 61(e)(2). Postconviction counsel represented that, after conducting a thorough and conscientious review of the record, law and allegations, he had concluded that Pennington's postconviction claims were wholly without merit and devoid of any potentially arguable issues. Pennington was informed of his right to respond to the motion to withdraw by Postconviction Counsel and the Superior Court. Pennington did not respond to the motion to withdraw.

(4)     On July 29, 2014, the Superior Court granted Postconviction Counsel's motion to withdraw and denied Pennington's motion for postconviction relief.  The Superior Court concluded that Pennington's claims were belied by the Truth-in-Sentencing guilty plea form and the guilty plea colloquy.  This appeal followed.

(5)     On appeal, Postconviction Counsel filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)").  Postconviction Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues.  Postconviction Counsel informed Pennington of the provisions of Rule 26(c) and provided Pennington with a copy of the motion to withdraw and the accompanying brief.  Postconviction Counsel also informed Pennington of his right to identify any points he wished this Court to consider on appeal.  Pennington did not provide any points for this Court's consideration.

(6)     When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

(7) This Court has reviewed the record carefully and has concluded that Pennington's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Postconviction Counsel has made a conscientious effort to examine the record and the law and has properly determined that Pennington could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:


/s/ Karen L. Valihura
Justice

4