IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DERRICK T. EVERETT, | § | |
| | § | No. 353, 2014 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below:  Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID No. 9610001540 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted:  December 10, 2014
Decided:     January 5, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

## O R D E R

This 5th day of January 2015, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1)    On July 30, 1997, after a two day trial, a Superior Court jury found the appellant, Derrick Everett, guilty of Murder in the First Degree.  Everett was sentenced to life imprisonment.  This Court affirmed the Superior Court's judgment on direct appeal.[1]

(2)    On March 5, 2013, Everett filed his first motion for postconviction relief.  In this motion, Everett claimed that: (i) he was denied his Due Process

---

[1] *Everett v. State*, 1998 WL 977124 (Del. Nov. 23, 1998).

rights when the Superior Court failed to appoint him counsel for his postconviction proceedings; (ii) his trial counsel was ineffective for failing to hire experts, failing to obtain the victim's medical records, and failing to present a defense; and (iii) the Superior Court relieved the State of its burden of proving every element of Murder in the First Degree and failed to instruct the jury on lesser included offenses. The Superior Court referred the motion to a Commissioner who recommended summary dismissal of the motion.

(3) On June 5, 2013, the Superior Court appointed the Office of Conflict Counsel to represent Everett ("Postconviction Counsel"). Postconviction Counsel filed an amended motion for postconviction relief on February 28, 2014. In this motion, Postconviction Counsel argued that Everett's trial counsel was ineffective for failing to object to one of the prosecutor's comments in her opening statement and for identifying Everett's attorneys as being with the Public Defender's Office during his opening statement. Everett's trial counsel and the State responded to the amended motion for postconviction relief.

(4) On June 4, 2014, the Superior Court denied the amended motion for postconviction relief. The Superior Court concluded that the ineffective assistance of counsel claims lacked merit. This appeal followed.

(5) On appeal, Postconviction Counsel filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)"). Postconviction Counsel

2

asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Postconviction Counsel informed Everett of the provisions of Rule 26(c) and provided Everett with a copy of the motion to withdraw and the accompanying brief.

(6) Postconviction Counsel also informed Everett of his right to identify any points he wished this Court to consider on appeal. Everett did not submit any points for this Court to consider. The State has responded to the Rule 26(c) brief and moved to affirm the Superior Court's judgment.

(7) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[2]

(8) This Court has reviewed the record carefully and has concluded that the Everett's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Everett's counsel has made a conscientious effort to examine the record and the law and has properly determined that Everett could not raise a meritorious claim in this appeal.

---

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice