IN THE SUPREME COURT OF THE STATE OF DELAWARE

TREVOR J. JENKINS, § 
§ No. 455, 2014
Defendant Below, §
Appellant, §
§ Court Below—Superior Court
v. § of the State of Delaware,
§ in and for Kent County
STATE OF DELAWARE, § Cr. ID No. 1305019695
§
Plaintiff Below, §
Appellee. §

Submitted: March 13, 2015
Decided: March 23, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

# **O R D E R**

This 23rd day of March 2015, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1) On April 24, 2014, a Superior Court jury found the appellant, Trevor J. Jenkins, guilty of Possession of a Firearm by a Person Prohibited ("PFBPP") and Possession of Ammunition by a Person Prohibited ("PABPP"). Jenkins was sentenced as follows: (i) for PFBPP, eight years of Level V incarceration, with credit for 110 days previously served, followed by one year of Level IV Crest and one year of Level III Crest Aftercare; (ii) for PABPP, five years of Level V

incarceration suspended for one year of Level III probation.[1] This is Jenkins' direct appeal.

(2) On appeal, Jenkins' counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)"). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Jenkins of the provisions of Rule 26(c) and provided Jenkins with a copy of the motion to withdraw and the accompanying brief.

(3) Counsel also informed Jenkins of his right to identify any points he wished this Court to consider on appeal. Jenkins has not raised any issues for this Court to consider. The State has responded to the Rule 26(c) brief and moved to affirm the Superior Court's judgment. On November 18, 2014, we stayed this matter pending resolution of *Snipes v. State*, No. 447, 2014, an appeal by Jenkins' co-defendant Derrell Snipes. On March 12, 2015, we affirmed the Superior Court's judgment in *Snipes*.[2]

(4) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a

---

[1] The original sentencing order was not consistent with the sentence imposed at the July 30, 2014 sentencing hearing, but was subsequently corrected.

[2] 2015 WL 1119505 (Del. Mar. 12, 2015).

conscientious examination of the record and the law for arguable claims; and (ii) must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[3]

(5)  This Court has reviewed the record carefully and has concluded that the Jenkins' appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that Jenkins' counsel has made a conscientious effort to examine the record and the law and has properly determined that Jenkins could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[3] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).