IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TEDDIE W. NELSON, | § | |
| | § | No. 600, 2015 |
| Defendant Below- | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| v. | § | |
| | § | Cr. ID No. 1410012782 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: April 7, 2016
Decided: May 24, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## O R D E R

This 24th day of May 2016, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1) On October 6, 2015, the Superior Court found that the appellant, Teddie W. Nelson, had committed a violation of his probation ("VOP"). Nelson was sentenced to three years of Level V incarceration. This is Nelson's direct appeal.

(2) On appeal, Nelson's counsel ("Counsel") filed a brief and a motion to withdraw pursuant to Supreme Court Rule 26(c) ("Rule 26(c)"). Counsel asserts that, based upon a complete and careful examination of the

record, there are no arguably appealable issues. Counsel informed Nelson of the provisions of Rule 26(c) and provided Nelson with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Nelson of his right to identify any points he wished this Court to consider on appeal. Nelson has raised several issues for this Court's consideration. The State has responded to the issues raised by Nelson and moved to affirm the Superior Court's judgment.

(3)    When reviewing a motion to withdraw and an accompanying brief, this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(4)    The record reflects that, on December 16, 2014, Nelson pled guilty to Robbery in the Second Degree and Theft Less Than $1,500. Nelson was sentenced, effective October 17, 2014, as follows: (i) for Robbery in the Second Degree, five years of Level V incarceration, suspended after six months for one year of Level III probation; and (ii) for Theft Less Than $1,500, one year of Level V incarceration, suspended for

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

2

one year of Level III probation. Nelson was also required to undergo a substance abuse evaluation and to follow any recommendations for treatment, counseling, and screening.

(5) On June 5, 2015, an administrative warrant was filed for Nelson's first VOP. The VOP report alleged that Nelson had violated the terms of his probation and treatment program by testing positive for drug use. On June 16, 2015, the Superior Court found that Nelson had violated his probation. Nelson was sentenced as follows: (i) for Robbery in the Second Degree, five years of Level V incarceration, suspended for eighteen months of Level III Gateway Program; and (ii) for Theft Less Than $1,500, one year of Level V incarceration, suspended for one year of Level III probation. Nelson was required to complete the Gateway Program successfully and follow all treatment and conditions imposed.

(6) On September 25, 2015, an administrative warrant was filed for Nelson's second VOP. The VOP report alleged that the Gateway Program had requested Nelson's discharge due to his continued non-compliance with the program and his refusal to sign a therapeutic agreement. Nelson admitted that he violated the Gateway Program by chewing tobacco, but disputed violating other rules of the program and stated that he had signed the therapeutic agreement. The Superior Court initially indicated that it

3

would sentence Nelson to the Key Crest Program. After Nelson expressed a desire not to do the Key Crest Program and said he could not see himself completing the Key Crest Program, the Superior Court sentenced Nelson to three years of Level V incarceration for Robbery in the Second Degree. Nelson was discharged as unimproved for Theft Less Than $1,500.

(7) Nelson's points on appeal may be summarized as follows: (i) he did not have the opportunity to call witnesses from the Gateway Program; (ii) he did not have the opportunity to review the VOP report, which was not subject to cross-examination and was prepared by a probation officer who did not appear at the VOP hearing; (iii) there should have been a presentence investigation ("PSI"); (iv) the Superior Court did not explain its reasons for imposing a harsh sentence; and (v) the Superior Court recognized that Nelson needed substance abuse treatment, but did not include any substance abuse treatment in his VOP sentence.

(8) Because Nelson did not raise his claims regarding the Gateway Program witnesses and VOP report at the VOP hearing, we review those claims for plain error.[2] There is no indication that Nelson sought the presence of witnesses from the Gateway Program or to present testimony of those witnesses at the VOP hearing. The record reflects that Nelson was

---

[2] Supr. Ct. R. 8.

represented by counsel at the VOP hearing, was aware of his alleged violations of the Gateway Program, spoke on his own behalf, and admitted that he had violated the Gateway Program. Under these circumstances, there is no evidence of plain error.

(9) Turning to Nelson's attacks on his sentence, this Court's appellate review of a sentence is extremely limited and generally ends upon a determination that the sentence is within the statutory limits prescribed by the legislature.[3] Nelson claims the Superior Court should have ordered a PSI before sentencing him for his second VOP, but the decision to order a PSI is left to the discretion of the sentencing judge.[4] In arguing that a PSI would have supported alternative substance abuse treatment at Level III probation, Nelson ignores that he had already violated substance treatment conditions and programs while on Level III probation.

(10) As to Nelson's contentions regarding the length of his VOP sentence, once Nelson violated the terms of his probation, the Superior Court could impose any period of incarceration up to and including the balance of the Level V time remaining on his sentences (at least four years for Robbery in the Second Degree and one year for Theft Less Than $1,500).[5] The

---

[3] *Kurzmann*, 903 A.2d 702, 714 (Del. 2006).
[4] 11 *Del. C.* § 4331(a).
[5] 11 *Del. C.* § 4334(c).

Superior Court did not exceed that amount of time in imposing a total Level V sentence of three years for Nelson's Robbery in the Second Degree conviction and discharging Nelson as unimproved for Theft Less Than $1,500. Contrary to Nelson's contentions, the Superior Court explained its reasons for the VOP sentence. As to the lack of substance abuse treatment, the Superior Court was going to impose the Key Crest Program as part of the VOP sentence, but did not do so after Nelson objected, stated that he could not complete the program, and wanted Level V time.

(11) This Court has reviewed the record carefully and has concluded that Nelson's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Nelson could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

6