IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER HARRIS, | § | |
| | § | No. 289, 2017 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1606015179 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: January 31, 2018
Decided: February 22, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **O R D E R**

The appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below reflect that:

(1) On April 26, 2017, a Superior Court jury found the appellant, Christopher Harris, guilty of Resisting Arrest with Force, Offensive Touching of a Law Enforcement Officer as a lesser included offense of Assault in the Second Degree, and Disorderly Conduct. The jury found Harris not guilty of Riot. Harris was sentenced as follows: (i) for Resisting Arrest with Force, two years of Level V incarceration, suspended for six months of Level IV Home Confinement, followed by six months of Level III probation; (ii) Offensive Touching of a Law Enforcement Officer, one year of Level V incarceration, suspended for six months of Level III

probation; and (iii) Disorderly Conduct, thirty days of Level V incarceration, suspended for six months of Level III probation. This is Harris' direct appeal.

(2) On appeal, Harris' counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Harris of the provisions of Rule 26(c) and provided Harris with a copy of the motion to withdraw and the accompanying brief.

(3) Counsel also informed Harris of his right to identify any points he wished this Court to consider on appeal. Harris told counsel he would send her a response, but did not do so. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(4) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(5) We note that Harris' conviction for Disorderly Conduct is not subject to appellate review by this Court because the thirty-day sentence for that conviction

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

2

does not meet the Court's jurisdictional requirements. This Court's constitutional jurisdiction is limited to hearing criminal appeals "in which the sentence shall be death, imprisonment exceeding one month, or fine exceeding One Hundred Dollars."[2] As to Harris' remaining convictions, this Court has reviewed the record carefully and has concluded that Harris' appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Harris could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*
Chief Justice

---

[2] Del. Const. art. IV, § 11(1)(b).