IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SAMEEN HARRIS, | § | |
| | § | No. 535, 2017 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. N1612016810 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: July 9, 2018
Decided: August 31, 2018

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

### **O R D E R**

This 31st day of August 2018, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1)     On September 7, 2017, a Superior Court jury found the appellant, Sameen Harris, guilty of Drug Dealing and Driving Without a License. After granting the State's motion to declare Harris a habitual offender under 11 *Del. C.* § 4214(a), the Superior Court sentenced Harris as follows: (i) for Drug Dealing, eight years of Level V incarceration, suspended after three years of Level V incarceration and completion of the Key program, followed by decreasing levels of supervision; and (ii) for Driving Without a License, a $100.00 fine.  This is Harris's direct appeal.

(2)     At trial, Delaware State Police Trooper Patrick McAndrew testified that, on December 27, 2016, he was running radar in his marked police car on Route 13 just south of Route 141.  Trooper McAndrew saw a white Dodge Charger traveling over the speed limit and directed the driver of the car, Harris (who was the only occupant of the car), to pull over.  The police car dashboard camera recorded the stop, and the video was played at trial.

(3)     Trooper McAndrew approached the car and asked Harris for his license, registration, and proof of insurance.  Harris said that the car was a rental and that he did not have a license or insurance.  While Trooper McAndrew was speaking with Harris, he saw a blue-tinted container containing a green, plant-like substance in plain view in the car.  Based on his experience, Trooper McAndrew believed the substance was marijuana.  Trooper McAndrew asked Harris about the container, and he said it contained marijuana.  Trooper McAndrew then asked Harris if he had anything else on him.  Harris initially said no, but after he was asked to leave the car, he admitted that he had lied and that he had pills.

(4)     Trooper McAndrew found two bottles with the prescription labels removed in the car's passenger area.  Each bottle contained 58 oxycodone pills.  Harris also had $997.00 in cash, consisting mostly of $20.00 bills.  Agent Jeremy Smith of the Drug Enforcement Administration testified that the removed labels, the amount of cash and the currency denominations, and the use of a rental car were

2

more indicative of drug dealing than personal use of prescription drugs. At the conclusion of the State's case, Counsel asked that the charge of Driving While Suspended or Revoked be reduced to Driving Without a License because the State offered no evidence that Harris was driving with a suspended or revoked license. The State agreed and the charge in the indictment was amended to Driving Without a License.

(5) Harris's girlfriend testified for the defense. She testified that she and Harris were prescribed the oxycodone pills that were found in the car after they were in a car accident in November 2016. As a result of the accident, she rented a car, which Harris was driving on December 27, 2016 to check on his mother.

(6) According to Harris's girlfriend, she gave Harris $800 for a security deposit on a place to rent earlier in the day of Harris's arrest, although on cross-examination she could not recall where the rental unit was. She explained that the pill bottles lacked labels because she had accidentally broken the original bottles and put the pills in new bottles without labels. Harris did not testify. The Superior Court jury found the appellant Sameen Harris, guilty of Drug Dealing and Driving Without a License. This appeal followed.

(7) On appeal, Harris's counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c), asserting that, based upon a complete and careful examination of the record, there are no arguably appealable issues.

3

Counsel informed Harris of the provisions of Rule 26(c) and provided Harris with a copy of the motion to withdraw and the accompanying brief.

(8) Counsel also informed Harris of his right to identify any points he wished this Court to consider on appeal. Harris has submitted several points for this Court's consideration. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(9) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(10) Harris raises the following issues on appeal: (i) his constitutional rights were violated because he was not informed of his rights under *Miranda v. Arizona*;[2] (ii) there was dashboard camera footage of him telling the police officer that he had a prescription for the pills; (iii) Counsel failed to submit into evidence pharmacy records showing that he and his girlfriend had valid prescriptions for the pills, despite the prosecutor stating that introduction of those records was anticipated; and (iv) he

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).
[2] 384 U.S. 436 (1966).

was indicted for Tier 2 Possession, but sentenced for Tier 5 Drug Dealing without amendment of the indictment. Harris does not raise any points related to his conviction for Driving Without a License, which is not subject to appellate review by this Court because the fine imposed did not exceed $100.00.[3]

(11) Harris argues that his constitutional rights were violated because he was not informed of his *Miranda* rights. Because Harris did not assert this claim below, we review it for plain error.[4] "Under the plain error standard of review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[5] Harris's argument is based on the prosecutor's comments at sentencing that Harris had made certain statements regarding his knowledge of the pills and his intent to sell them that were not introduced at trial due to a lack of *Miranda* warnings. There is no plain error here as the statements that were arguably inadmissible because of the lack of *Miranda* warnings were not introduced or admitted at trial.

(12) We construe Harris's statement regarding the dashboard camera footage as a claim that there was insufficient evidence to support his conviction for Drug Dealing. Harris did not move for a judgment of acquittal on this charge, so we

---

[3] This Court's constitutional jurisdiction is limited to hearing criminal appeals "in which the sentence shall be death, imprisonment exceeding one month, or fine exceeding One Hundred Dollars." Del. Const. art IV, § 11(1)(b).
[4] Supr. Ct. R. 8.
[5] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

5

review this claim for plain error.[6] In order to prove Drug Dealing, the State had to prove that Harris knowingly possessed with the intent to deliver 30 or more substantially identical doses, or three grams or more, of oxycodone or a mixture containing oxycodone and that the offense occurred in a car.[7] The absence of a prescription is not an element of this crime. The evidence at trial included the label-less pill bottles, 116 oxycodone pills, and the testimony of Trooper McAndrew and the DEA agent. As the sole judge of each witness's credibility,[8] the jury could determine that the testimony of Harris's girlfriend was not credible. Viewing the evidence in the light most favorable to the State, a rational jury could have found Harris guilty beyond a reasonable doubt of Drug Dealing.

(13) Harris claims that Counsel was ineffective because he failed to introduce prescription records and points to the prosecutor's statement during a colloquy with the court outside the presence of the jury—that this evidence was anticipated. This Court will not consider an ineffective assistance of counsel claim for the first time on direct appeal.[9]

(14) Finally, Harris argues that he could not be sentenced for Drug Dealing (Tier 5) without amendment of his indictment for Possession (Tier 2). This argument

---

[6] Supr. Ct. R. 8; *Swan v. State*, 820 A.2d 342, 358 (Del. 2003).
[7] 11 *Del. C.* § 4752(2); 11 *Del. C.* §4751A(c); 11 *Del. C.* § 4751C(4)(j).
[8] *Washington v. State*, 4 A.3d 375, 378 (Del. 2010).
[9] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).

appears to be based on an error in the amended habitual offender order provided by the State, which referred to Harris as being sentenced as a habitual offender for Possession (Tier 5) instead of Drug Dealing (Tier 2). After the order was corrected, Counsel stated that he had no basis to oppose the petition to declare Harris a habitual offender. Harris was indicted for, convicted of, and sentenced for Drug Dealing (Tier 2) under 16 *Del. C.* § 4752(2).

(15) This Court has reviewed the record carefully and has concluded that Harris's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Harris could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

7