# IN THE SUPREME COURT OF THE STATE OF DELAWARE

MIGUEL VAZQUEZ-GARCIA,     §
    § No. 149, 2019
    Defendant Below,     §
    Appellant,     § Court Below: Superior Court
    § of the State of Delaware
    v.     §
    § Cr. ID No. 1803019333 (N)
STATE OF DELAWARE,     §
    §
    Plaintiff Below,     §
    Appellee.     §

Submitted: August 26, 2019
Decided: October 10, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## ORDER

After consideration of the appellant's brief filed under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response, the Court concludes that:

(1) In May 2018, a grand jury indicted the appellant, Miguel Vazquez-Garcia, on twenty-five counts of dealing in child pornography. On November 30, 2018, Vazquez-Garcia pled guilty to two counts of dealing in child pornography in exchange for the State entering a *nolle prosequi* on the remaining charges. The Superior Court deferred sentencing and ordered a pre-sentence investigation. On March 15, 2019, the Superior Court sentenced Vazquez-Garcia, effective March 29, 2018, as follows: (i) for the first count of dealing in child pornography, twenty-five

years of Level V incarceration suspended after five years for decreasing levels of supervision; and (ii) for the second count of dealing in child pornography, twenty-five years of Level V incarceration suspended after five years for five years of Level III probation. This appeal followed.

(2) On appeal, Vazquez-Garcia's counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Vazquez-Garcia of the provisions of Rule 26(c) and provided Vazquez-Garcia with a copy of the motion to withdraw and the accompanying brief.

(3) Counsel also informed Vazquez-Garcia of his right to identify any points he wished this Court to consider on appeal. Vazquez-Garcia has submitted points for this Court's consideration. The State has responded to Vazquez-Garcia arguments and has moved to affirm the Superior Court's judgment.

(4) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally

devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(5)     Vazquez-Garcia raises two issues on appeal.  First, he asks this Court to consider his mental health in relation to his case.  He notes that he has a history of problems for which he did not receive treatment until he was incarcerated. Second, he asks this Court to consider that he has no previous criminal or disciplinary history.

(6)     To the extent Vazquez-Garcia is challenging his guilty plea on the basis of his mental health, the record does not support this claim.  "The test for determining a defendant's competence to plead guilty is whether the defendant had a 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and…a rational as well as factual understanding of the proceedings against him.'"[2]  There is nothing in the record of this case to suggest that Vazquez-Garcia was unable to consult with his counsel with a reasonable degree of rational understanding or was unable to understand the proceedings against him.

(7)     During the guilty plea colloquy, Vazquez-Garcia stated that he had never been a patient in a mental hospital and that he had not taken any drugs or

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).
[2] *Ellingsworth v. State*, 2002 WL 31477130, at *1 (Del. Nov. 4, 2002) (quoting *Dusky v. U.S.*, 362 U.S. 402, 402 (1960)).

alcohol in the last twenty-four hours.  He also affirmed, among other things, that he understood he would be sentenced to at least four years in prison and could be sentenced to up to fifty years in prison, he was not a United States citizen and his guilty plea could result in his deportation, no one promised him what his sentence would be, and he understood that he was waiving certain rights by pleading guilty. The record reflects that Vazquez-Garcia understood the guilty plea proceedings and that his guilty plea was knowing, intelligent, and voluntary.

(8)     To the extent Vazquez-Garcia is challenging his sentence on the basis of his mental health and lack of criminal record, this claim is also without merit.  In general, our review of a sentence is limited to determining whether the sentence is within the statutory limits defined by the General Assembly.[3]  If the sentence falls within statutory limits, we consider only whether it is based on factual predicates which are false, impermissible, or lack a minimal indicia of reliability, judicial vindictiveness or bias, or a closed mind.[4]  Dealing in child pornography is a Class B felony[5] subject to a sentence of two to twenty-five years of imprisonment.[6] Vazquez-Garcia's sentence—fifty years of Level V incarceration suspended after he served ten years—falls within the statutory limits.

---

[3] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).
[4] *Id.*
[5] 11 *Del. C.* § 1109.
[6] 11 *Del. C.* § 4205(b)(2).

(9)  Nothing in the record suggests that the sentence was based on factual predicates which were false, impermissible, or lacked a minimal indicia of reliability, judicial vindictiveness or bias, or a closed mind.  The Superior Court was aware of Vazquez-Garcia's mental health issues and lack of criminal history.  But as the Superior Court judge noted, he also had to take into account the risk that Vazquez-Garcia's actions and attraction to children, as expressed by Vazquez-Garcia himself, posed to others in crafting a sentence.

(10)  Having carefully reviewed the record, we conclude that Vazquez-Garcia's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Vazquez-Garcia could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice