IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AARON TUCKER, | § | |
| | § | No. 139, 2022 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID Nos. 1901017819 (N) and |
| STATE OF DELAWARE, | § | 1910013608 (N) |
| | § | |
| Appellee. | § | |

Submitted: October 6, 2022
Decided: November 9, 2022

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

### ORDER

Upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1)     In April 2019, a grand jury indicted the appellant, Aaron Tucker, for multiple sexual offenses involving a child, including first-degree rape and first-degree unlawful sexual contact, in Criminal ID No. 1901017819. In October 2019, a grand jury reindicted Tucker for the criminal offenses in Criminal ID No. 1901017819 and new criminal offenses, including interfering with a child witness and breach of bond during commitment, in Criminal ID No. 1910013608. On July 7, 2021, Tucker pleaded no-contest to three counts of first-degree unlawful sexual contact and breach of bond during

commitment in exchange for the State entering a *nolle prosequi* on the remaining charges. The parties also agreed to recommend a sentence of five years of Level V incarceration.

(2) After completion of a presentence investigation, the Superior Court sentenced Tucker as follows: (i) for the first count of first-degree unlawful sexual contact, effective March 14, 2019, eight years of Level V incarceration, suspended after three years for decreasing levels of supervision; (ii) for each of the remaining counts of first-degree unlawful sexual contact, eight years of Level V incarceration, suspended after three years for three years of Level III supervision; and (iii) for breach of bond during commitment, five years of Level V incarceration, suspended after one year for one year of Level III probation. This appeal followed.

(3) On appeal, Tucker's counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)"). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Tucker of the provisions of Rule 26(c) and provided Tucker with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Tucker of his right to identify any points he wished this Court to consider on appeal. Tucker has not submitted any points for the Court's consideration. The State has

responded to the Rule 26(c) brief and argues that the Superior Court's judgment should be affirmed.

(4) When reviewing a motion to withdraw and an accompanying brief, this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(5) The Court has reviewed the record carefully and concluded that Tucker's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel made a conscientious effort to examine the record and the law and properly determined that Tucker could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).