IN THE SUPREME COURT OF THE STATE OF DELAWARE

SHAMIR CONKEY, §
§
Defendant Below, § No. 128, 2022
Appellant, §
§ Court Below—Superior Court
v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID No. 1911011245 (N)
§
Appellee. §

Submitted: December 15, 2022
Decided: December 19, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

After consideration of the appellant's opening brief and the appellee's motion to remand, it appears to the Court that:

(1) A Superior Court jury found the appellant, Shamir Conkey, guilty of first-degree robbery, second-degree assault (as a lesser-included offense of first-degree assault), and second-degree reckless endangering. On March 25, 2022, the court sentenced Conkey as follows: for first-degree robbery, to twenty-five years of incarceration, suspended after five years for decreasing levels of supervision; for second-degree assault, to eight years of incarceration, suspended after two years for one year of probation; and for second-degree reckless endangering, to one year of incarceration, suspended for one year of probation. This is Conkey's direct appeal.

(2)     Conkey's trial counsel, an attorney with the Office of Defense Services ("ODS"), filed a notice of appeal on Conkey's behalf.  A different ODS attorney later substituted as counsel for Conkey in this appeal.  Counsel filed a brief and a motion to withdraw under Supreme Court Rule 26(c), asserting that, based upon a conscientious review of the record, the appeal is wholly without merit.  After reviewing the record for arguably appealable claims,[1] this Court granted the motion to withdraw and appointed substitute counsel, directing counsel to brief whether second-degree assault and second-degree reckless endangering should have merged for sentencing in the circumstances of this case, as well as any other issues presented by the record.

(3)     Substitute counsel filed an opening brief on Conkey's behalf, arguing that second-degree assault and second-degree reckless endangering should have merged for sentencing.  In response, the State concedes that the offenses should have merged in the circumstances of this case and requests that the case be remanded for resentencing.  Conkey's counsel has indicated that he does not oppose the motion for remand.  Under the circumstances, we conclude that the appropriate course of action is to remand this matter to the Superior Court so that Conkey may be resentenced.

---

[1] *Penson v. Ohio*, 488 U.S. 75, 80, 82-83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

NOW, THEREFORE, IT IS ORDERED that the matter is REMANDED to the Superior Court for further action in accordance with this order. Jurisdiction is not retained.

BY THE COURT:

_/s/ Collins J. Seitz, Jr._
Chief Justice