IN THE SUPREME COURT OF THE STATE OF DELAWARE

RICHARD HAINES, § 
§ No. 262, 2022
Defendant Below, §
Appellant, §
§ Court Below—Superior Court
v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID No. 2012011384 (K)
§
Appellee. §
§

Submitted: January 18, 2023
Decided: March 9, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the record on appeal, it appears to the Court that:

(1) On March 1, 2022, a Superior Court jury found the appellant, Richard Haines, guilty of one count of attempted first-degree rape, one count of attempted first-degree sexual abuse of a child by a person of trust, thirty-one counts of second-degree rape, ten counts of fourth-degree rape, five counts of first-degree sexual abuse of a child by a person of trust, four counts of first-degree unlawful sexual contact, thirteen counts of second-degree unlawful sexual contact, eight count counts of second-degree sexual abuse of a child by a person of trust, two counts of continuous

sexual abuse of a child, and two counts of endangering the welfare of a child. The jury found Haines not guilty of one count of first-degree rape, one count of first degree sexual abuse of a child by a person of trust, first-degree unlawful sexual contact, and one count of breach of conditions of bond. The victims of these crimes were two children of Haines's girlfriend.

(2) Based on the age of one of the victims, the State applied for enhanced sentencing under 11 *Del. C.* § 4205A for three of the convictions relating to that victim (attempted first-degree rape, attempted first-degree sexual abuse of a child by a person of trust, and continuous sexual abuse of a child). Section 4205A(2) provides that the Superior Court shall, upon the State's application, sentence a defendant convicted of certain crimes to not less than twenty-five years up to life imprisonment if the victim was under the age of fourteen. At sentencing, Haines's counsel ("Counsel") conceded that he did not have a basis to oppose the application. The Superior Court ultimately sentenced Haines to more than 550 years of non-suspended Level V incarceration. This is Haines's direct appeal.

(3) On appeal, Counsel filed a brief and a motion to withdraw under Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Haines of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief.

2

(4) Counsel also informed Haines of his right to identify any points he wished this Court to consider on appeal. Haines has not provided points for this Court's consideration. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(5) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(6) This Court has reviewed the record carefully and has concluded that Haines's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Haines could not raise a meritorious claim on appeal.

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:


*/s/ Karen L. Valihura*
Justice