IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BILLY J. PAITSEL, | § | |
| | § | No. 347, 2022 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2005002499 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: February 16, 2023
Decided: March 27, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>**ORDER**</u>

After consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record on appeal, it appears to the Court that:

(1) In July 2020, a grand jury indicted the appellant, Billy J. Paitsel, on two counts of second-degree unlawful sexual contact and one count each of second-degree sexual abuse of a child by a person of trust, endangering the welfare of a child, and sexual harassment. The charges arose from Paitsel's conduct with one of his nieces.

(2) At trial, the victim testified that she spent a lot of time with Paitsel while he lived in her family's home. Paitsel regularly talked about sexual matters with the victim. He would ask the victim to kiss him on the lips, which made her

uncomfortable, and buy her things if she kissed him as he wanted. Paitsel and the victim also regularly slept together on his futon at night. The victim testified that Paitsel sometimes touched her thighs and vagina when they were together on the futon.

(3) On April 24, 2020, the victim became upset when Paitsel asked for a kiss, locked herself in the bathroom, and called her mother. She told her mother about Paitsel's behavior, which led to her father confronting Paitsel and kicking him out of the house. Paitsel admitted to kissing the victim and sleeping with her on the futon, but denied having any intentional sexual contact with her.

(4) During the trial, the State amended the child welfare endangerment charge from a felony to a misdemeanor and entered a nolle prosequi on the harassment charge and one of the second-degree unlawful sexual contact charges. The jury found Paitsel guilty of endangering the welfare of a child and not guilty of second-degree unlawful sexual contact and second-degree sexual abuse of a child by a person of trust. The Superior Court sentenced Paitsel to one year of Level V incarceration suspended for one year of Level III probation. This is Paitsel's direct appeal.

(5) On appeal, Paitsel's appellate counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably

2

appealable issues. Counsel informed Paitsel of the provisions of Rule 26(c) and provided Paitsel with a copy of the motion to withdraw and the accompanying brief.

(6) Counsel also informed Paitsel of his right to identify any points he wished this Court to consider on appeal. Paitsel has submitted points for this Court's consideration. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(7) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(8) In his points, Paitsel argues that Counsel was ineffective for failing to impeach one of the witnesses, advising him not to testify and then advising him on how to testify, and failing to object to the late amendment of the child endangerment charge. This Court does not consider ineffective assistance of counsel claims on

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

direct appeal when the claims were not raised in the Superior Court in the first instance.[2]

(9) This Court has reviewed the record carefully and has concluded that Paitsel's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Paitsel could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[2] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994). Typically, a defendant pursues an ineffective assistance of counsel claim by filing a motion for postconviction relief under Superior Court Criminal Rule 61 in the Superior Court.