IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GERALD D. WILLIAMS, | § | |
| | § | No. 158, 2025 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 2405003159 (N) |
| | § | |
| Appellee. | § | |

Submitted: September 25, 2025
Decided: November 3, 2025

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## ORDER

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the record on appeal, it appears to the Court that:

(1)     In August 2024, a grand jury charged Gerald D. Williams with multiple drug crimes. On November 21, 2024, Williams pleaded guilty to drug dealing (cocaine) in exchange for dismissal of the other charges. He also admitted to a violation of probation in a different case. As part of the plea agreement, Williams agreed that he was a habitual offender based on convictions listed in the plea agreement and that he was subject to sentencing under 11 *Del. C.* § 4214(a). He agreed not to request less than five years of unsuspended Level V incarceration and

the State agreed to cap its sentencing recommendation to thirty years of Level V incarceration, suspended after fifteen years.

(2)     On March 21, 2025, the Superior Court granted the State's motion to declare Williams a habitual offender and sentenced him to thirty years of Level V incarceration, suspended after fifteen years for declining levels of supervision.  This appeal followed.

(3)     On appeal, Williams' counsel ("Counsel") filed a brief and a motion to withdraw under Rule 26(c).  Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues.  Counsel informed Williams of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief.

(4)     Counsel also informed Williams of his right to identify any points he wished this Court to consider on appeal.  Williams has not provided points for this Court's consideration.  The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(5)     When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally

devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(6)     This Court has reviewed the record carefully and has concluded that Williams' appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Williams could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:


*/s/ N. Christopher Griffiths*
Justice

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).