IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| HABIEL L. CALIXTE, | § |
| | § No. 329, 2025 |
| Defendant Below, | § |
| Appellant, | § Court Below—Superior Court |
| | § of the State of Delaware |
| v. | § |
| | § Cr. ID No. 2301014835 (S) |
| STATE OF DELAWARE, | § |
| | § |
| Appellee. | § |

Submitted: January 8, 2026
Decided: March 3, 2026

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## <u>ORDER</u>

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the record on appeal, it appears to the Court that:

(1)     In February 2023, a grand jury charged Habiel L. Calixte with dealing in children, second-degree criminal solicitation, offensive touching, third-degree unlawful sexual contact, third-degree criminal solicitation, two counts of sexual harassment, and three counts of disorderly conduct.  The charges arose from incidents in January when Calixte: (i) approached a family, asked the father if his eleven-year-old child was for sale, and frightened the child by grabbing her arm; (ii) touched the crotch of an employee at a cellular service store without the employee's

permission and disregarded the employee's requests that he leave the store; and (iii) pointed to the crotch of a female customer at a different store and stated that he wished to buy it.

(2) After a psychiatric/psychological evaluation, Calixte was deemed not competent and transported to Delaware Psychiatric Center for his competency to be restored. Additional reports regarding Calixte's competency were submitted to the Superior Court in December 2023 and June 2024. On June 24, 2024, the Superior Court ordered that Calixte be transported back to the Department of Correction. Calixte filed a motion to sever the charges and a motion *in limine* to exclude his translated statement to police because the translator was non-certified. The Superior Court denied the motions. Calixte waived his right to a jury trial.

(3) Following a bench trial, the Superior Court found Calixte guilty on all charges. The Superior Court sentenced Calixte as follows: (i) for dealing in children, five years of Level V incarceration, suspended for one year of Level III GPS; (ii) for second-degree criminal solicitation, three years of Level V incarceration, suspended after one year with credit for one year previously served, for one year of Level III probation; (iii) for offensive touching, thirty days of Level V incarceration with credit for thirty days previously served; (iv) for third-degree unlawful sexual contact, one year of Level V incarceration with credit for one year previously served; (v) for third-degree criminal solicitation, one year of Level V incarceration, suspended for

one year of Level III probation; (vi) for each count of sexual harassment, thirty days of Level V incarceration, suspended for thirty days previously served; and (vii) for each count of disorderly conduct, thirty days of Level V incarceration suspended for one year of Level III probation. This appeal followed.

(4) On appeal, Calixte's counsel ("Counsel") filed a brief and a motion to withdraw under Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Calixte's counsel was unable to comply with Rule 26(c)(ii), which requires defense counsel to inform their client of the provisions of Rule 26(c) and provide them with a copy of the motion to withdraw and the accompanying brief so that they can submit points, because Calixte's location was unknown. Calixte was subject to an immigration detainer and taken into custody by Immigration and Customers Enforcement ("ICE") after sentencing. Counsel states that it appears Calixte was deported to Haiti. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(5) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally

3

devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(6)   This Court has reviewed the record carefully and has concluded that Calixte's appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Calixte could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

/s/ Gary F. Traynor
Justice

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).