IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAVID L. CLEMENTS, | § | |
| | § | No. 161, 2018 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1509020383 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: September 17, 2018
Decided: October 11, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **O R D E R**

The appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below reflect that:

(1) On November 29, 2017, a Superior Court jury found the appellant, David L. Clements, guilty of Carrying a Concealed Deadly Weapon ("CCDW") and Resisting Arrest. The Superior Court sentenced Clements as follows: (i) for CCDW, five years of Level V incarceration, with credit for 74 days previously served, suspended for one year of Level II probation; and (ii) for Resisting Arrest, a $100.00 fine. Based on time Clements had already served at Level V and Level III (GPS), the Superior Court modified the CCDW sentence to 364 days of Level V

imprisonment, with credit for 74 days previously served, suspended immediately. This is Clements' direct appeal.

(2) On appeal, Clements' counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Clements of the provisions of Rule 26(c) and provided Clements with a copy of the motion to withdraw and the accompanying brief.

(3) Counsel also informed Clements of his right to identify any points he wished this Court to consider on appeal. Clements has not provided any points for this Court to consider. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(4) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

(5)	Clements' Resisting Arrest conviction is not subject to appellate review because the fine imposed did not exceed $100.00.[2]	As to Clements' CCDW conviction, the Court has reviewed the record carefully and has concluded that Clements' appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Clements could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:


*/s/ Karen L. Valihura*
Justice

---

[2] This Court's constitutional jurisdiction is limited to hearing criminal appeals "in which the sentence shall be death, imprisonment exceeding one month, or fine exceeding One Hundred Dollars." Del. Const. art IV, § 11(1)(b).

3