IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GREGORY D. DORSEY, | § | |
| | § | No. 305, 2018 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. N1703021298 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 30, 2018
Decided: December 14, 2018

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## ORDER

After consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record on appeal, it appears to the Court that:

(1) On February 2, 2018, a Superior Court jury found the appellant, Gregory D. Dorsey, guilty of Drug Dealing, Aggravated Possession, and Drag Racing. The parties agreed that the Aggravated Possession conviction merged with Drug Dealing for sentencing. After granting the State's motion to declare Dorsey a habitual offender under 11 *Del. C.* § 4214(a), the Superior Court sentenced Dorsey as follows: (i) for Drug Dealing as a habitual offender, fifteen years of Level V incarceration, suspended after two years and completion of the Key program for eighteen months of Level III probation; and (ii) Drag Racing, thirty days of Level V

incarceration suspended for six months of Level II probation. This is Dorsey's direct appeal.

(2)   At trial, Detective Matthew Rosaio of the Wilmington Police Department testified that he was on patrol on March 30, 2017 when he saw a car suddenly accelerate to a high rate of speed, causing the wheels to spin on the tires. Detective Rosaio directed the car to pull over. There were two individuals in the car—Dorsey was the driver. When Dorsey rolled down the window, Detective Rosaio recognized a strong odor of PCP.

(3)   At Detective Rosaio's direction, Dorsey exited the car. He was searched for PCP, but the police found no drugs on him. Dorsey was wearing a lanyard around his neck with a container holding his ID card and a cell phone. During a search of the car, police officers found a vial of PCP in the glove box. The other occupant of the car had approximately $800 in cash. Dorsey initially claimed more than half of that money belonged to him, but then said it was not his after he started to fill out a form for return of the money.

(4)   The police were not able to determine that the number for the cell phone around Dorsey's neck or that the number for the other cell phone found in the car belonged to Dorsey or the other occupant of the car. There was no fingerprint or DNA collection or testing. There was no audio or video recording of the stop or Dorsey's comments to the police.

2

(5) An employee of NMS Labs testified that the vial found in the car contained 6.32 grams of PCP. Detective Trevor Riccobon of the New Castle County Police Department testified as an expert witness. He opined that, based on the amount of PCP and certain language in the text messages on the cell phone around Dorsey's neck, the PCP found in the car was for distribution, not personal use.

(6) The defense called the owner of the car as a witness. She testified that she had given the car passenger permission to use the car on March 30, 2017. She did not know Dorsey was going to drive the car. She also testified that the PCP found in the car did not belong to her.

(7) On appeal, Dorsey's counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Dorsey of the provisions of Rule 26(c) and provided Dorsey with a copy of the motion to withdraw and the accompanying brief.

(8) Counsel also informed Dorsey of his right to identify any points he wished this Court to consider on appeal. Dorsey has raised one point for this Court's consideration. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(9) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a

conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1] We note that Dorsey's conviction for Drag Racing is not subject to appellate review by this Court because the thirty-day sentence for that conviction does not meet the Court's jurisdictional requirements. This Court's constitutional jurisdiction is limited to hearing criminal appeals "in which the sentence shall be death, imprisonment exceeding one month, or fine exceeding One Hundred Dollars."[2]

(10) Dorsey appears to argue, against his own interest, that his fifteen-year Level V sentence for Drug Dealing could not be suspended under 11 *Del. C.* § 4214(a). At sentencing, the parties agreed that a portion of Dorsey's Level V sentence for Drug Dealing could be suspended. Section 4214(e) provides that a minimum sentence required to be imposed under subsections (b), (c), or (d) cannot be suspended, but Dorsey was not sentenced under those subsections. He was sentenced, as the State petitioned for, under Section 4214(a). The version of 11 *Del. C.* § 4214(a) that Dorsey relies upon to argue otherwise has not been in effect since July 18, 2016. Dorsey's claim is without merit.

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).
[2] Del. Const. art. IV, § 11(1)(b).

(11)   This Court has reviewed the record carefully and has concluded that Dorsey's appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Dorsey could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:


*/s/ Collins J. Seitz, Jr.*
Justice