IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KEENAN ANDERSON, | § | |
| | § | No. 578, 2018 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1705015040 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 5, 2019
Decided: May 14, 2019

Before **VAUGHN**, **SEITZ** and **TRAYNOR**, Justices.

## ORDER

After consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record on appeal, it appears to the Court that:

(1) On January 23, 2018, a Superior Court jury found the appellant, Keenan Anderson, guilty of Possession of a Firearm by a Person Prohibited ("PFBPP") and Carrying a Concealed Deadly Weapon ("CCDW") and not guilty of Possession of Firearm Ammunition by a Person Prohibited ("PABPP"). After granting the State's motion to declare Anderson a habitual offender under 11 *Del. C.* § 4214(c), the Superior Court sentenced Anderson as follows: (i) for PFBPP, fifteen years of Level

V incarceration; (ii) for CCDW, eight years of Level V incarceration.[1] This is Anderson's direct appeal.

(2) In August 2017, Anderson was charged by indictment with multiple crimes, including PFBPP, PABPP, and CCDW.[2] At trial, Detective Raymond Mullin of the Wilmington Police Department testified that he arrested Anderson on May 23, 2017.[3] During a pat-down search of Anderson, Detective Mullin found a gun concealed in Anderson's pants.

(3) Detective Mullin testified that he removed the magazine from the gun and turned both over to Detective Alexis Schupp, who tagged them for evidence. Detective Schupp testified that there were seven bullets in the magazine. He also testified that Anderson did not have a permit for the gun. Detective Joran Merced interviewed Anderson who admitted that he had a gun. The State played a redacted version of the interview at trial.

(4) The parties stipulated that Anderson was prohibited from possessing a gun. Anderson exercised his right not to testify and did not submit any evidence. The jury found Anderson guilty of PFBPP and CCDW. The jury found Anderson not guilty of PABPP. This appeal followed.

---

[1] The Superior Court also sentenced Anderson for violations of probation.
[2] The other charges were severed.
[3] The parties stipulated that Anderson was lawfully detained.

(5)    On appeal, Anderson's appellate counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Anderson of the provisions of Rule 26(c) and provided Anderson with a copy of the motion to withdraw and the accompanying brief.

(6)    Counsel also informed Anderson of his right to identify any points he wished this Court to consider on appeal. Anderson has raised points for this Court's consideration. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(7)    When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[4] Anderson argues that three jurors should not have served on the jury because: (i) one juror stated in the jury questionnaire that he knew someone in law enforcement, but failed (as did several other prospective jurors) to come forward initially when the Superior Court instructed such people to come

---

[4] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

3

forward for further questioning; (ii) one juror provided an insufficiently definitive response regarding whether three relatives in law enforcement would impact his ability to be impartial; and (iii) one juror's father was a magistrate judge and knew two law enforcement officers.

(8)     These claims were not raised below so we review for plain error.[5] Plain error "is limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[6] In addressing juror impartiality, this Court has explained:

> Determinations of juror impartiality are the responsibility of the trial judge who has the opportunity to question the juror, observe his or her demeanor, and evaluate the ability of the juror to render a fair verdict. Because the trial court's findings will largely rest on the judge's personal observation of the *voir dire* proceedings and on the credibility of the parties, a reviewing court should give those findings great deference.[7]

(9)     The Superior Court judge asked each of the three jurors whether they could be fair and impartial in light of their relation to people who worked in law enforcement. All three jurors responded that they could be fair and impartial. The juror who stated "I don't think so" when asked whether he thought three relatives in law enforcement would make him unable to be impartial, also stated "I'm a

---

[5] Supr. Ct. R. 8.
[6] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).
[7] *DeShields v. State*, 534 A.2d 630, 636 (Del. 1987) (citations omitted).

4

scientist….And I analyze the data before I make a judgment."[8]  The Superior Court was in the best position to evaluate the ability of the three jurors to render a fair verdict.  Anderson has not shown any plain error in the Superior Court's determination that these jurors could render a fair verdict.

(10)  This Court has reviewed the record carefully and has concluded that Anderson's appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Anderson could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[8] Appendix to Appellant's Opening Brief at A28.