IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHAKIA T. YOUNG, | § | |
| | § | No. 500, 2018 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1802014580 (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 4, 2019
Decided: May 21, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

After careful consideration of the appellant's no-merit brief filed under Supreme Court Rule 26(c), the State's response, and the record below, it appears to the Court that:

(1)     On September 14, 2018, a Superior Court jury found the appellant, Shakia Young, guilty of disorderly conduct, resisting arrest, failure to have her registration card in her possession, failure to have her driver's license in her possession, and two counts of offensive touching of a law enforcement officer. The Superior Court sentenced Young as follows: (i) for disorderly conduct, a fine of $15, suspended; (ii) for resisting arrest, a fine of $15, suspended; (iii) for the failure have a registration card in possession, the mandatory fine of $50; (iv) for the failure to

have a driver's license in possession, the mandatory fine of $10; and (v) for the two charges of offensive touching of a police officer, a total of 60 days of Level V incarceration with credit for time served, suspended for 6 months of Level I probation.

(2) On appeal, Young's counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Young of the provisions of Rule 26(c) and provided Young with a copy of the motion to withdraw and the accompanying brief.

(3) Counsel informed Young of her right to identify any points she wished this Court to consider on appeal. Young has not provided this Court with any points for consideration. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(4) When reviewing a motion to withdraw and an accompanying brief filed under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable issues on appeal; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

(5) This Court reviewed the record carefully and concludes that Young's appeal is wholly without merit and devoid of any arguably appealable issue. We are satisfied that Counsel made a conscientious effort to examine the record and the applicable law and properly determined that Young could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. Counsel's motion to withdraw is moot.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice