IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TERRANCE CROSBY, | § | |
| | § | No. 537, 2019 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | |
| | § | Court Below – Superior Court |
| STATE OF DELAWARE, | § | of the State of Delaware |
| | § | |
| Plaintiff Below, | § | Cr. ID No. 1810005023 (N) |
| Appellee. | § | |

Submitted: July 20, 2020
Decided: August 21, 2020

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## ORDER

Upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1) In December 2018, the appellant, Terrance Crosby, was charged by indictment with multiple crimes including possession of a firearm by a person prohibited ("PFBPP"), possession of a firearm during the commission of a felony ("PFDCF"), and drug dealing. On April 4, 2019, Crosby pleaded guilty to PFBPP in exchange for dismissal of the other charges. Based on his

criminal history, he was subject to a ten-year minimum mandatory sentence. Crosby's sentencing was deferred while his co-defendant's case proceeded.

(2) After the completion of his co-defendant's trial and his co-defendant's sentencing to eight years of non-suspended Level V incarceration, Crosby filed a motion to withdraw his guilty plea, which was contingent upon the entry of a new plea agreed upon by the parties. The State joined in the motion. The parties agreed that Crosby should not be sentenced to more non-suspended Level V time than his co-defendant.

(3) On November 22, 2019, the Superior Court granted Crosby's motion to withdraw his guilty plea. Crosby pleaded guilty to PFDCF and drug dealing. The Superior Court accepted the parties' sentencing recommendation and sentenced Crosby as follows: (i) for PFDCF, five years of Level V incarceration; and (ii) for drug dealing, fifteen years of Level V incarceration suspended after three years for eighteen months of Level III probation. This appeal followed.

(4) On appeal, Crosby's counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)"). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Crosby of the provisions of Rule 26(c) and provided Crosby with a copy of the motion to

withdraw and the accompanying brief. Counsel also informed Crosby of his right to identify any points he wished this Court to consider on appeal. Crosby has not submitted any points for the Court's consideration. The State has responded to the Rule 26(c) brief and argues that the Superior Court's judgment should be affirmed.

(5) When reviewing a motion to withdraw and an accompanying brief, this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(6) The Court has reviewed the record carefully and concluded that Crosby's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel made a conscientious effort to examine the record and the law and properly determined that Crosby could not raise a meritorious claim on appeal.

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

3

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice