IN THE SUPREME COURT OF THE STATE OF DELAWARE

EDWIN B. BORRERO, §
§ No. 162, 2022
Defendant Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. 2009013591 (S)
STATE OF DELAWARE, §
§
Appellee. §

Submitted: September 8, 2022
Decided: October 4, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

# ORDER

After consideration of the appellant's brief filed under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response, the Court concludes that:

(1) In October 2020, the appellant, Edwin B. Borrero, was charged by information with multiple crimes, including driving under the influence ("DUI") (fifth offense) and possession of a controlled substance. On April 20, 2022, Borrero, with the assistance of an interpreter, pleaded guilty to DUI (fifth offense). Under the plea agreement, the State agreed to enter a *nolle prosequi* on the remaining charges. The State also agreed to recommend a sentence of five years of Level V incarceration to be suspended after the eighteen-month minimum under 21 *Del. C.*

§ 4177(d)(8) and (d)(9), followed by eighteen months of Level III probation. Other conditions included a five-year loss of driver's license, completion of a drug and alcohol abstinence program, and completion of an intensive inpatient or outpatient drug and alcohol treatment program. The Superior Court imposed the recommended sentence. This appeal followed.

(2)     On appeal, Borrero's counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Borrero of the provisions of Rule 26(c) and provided Borrero with a copy of the motion to withdraw and the accompanying brief.

(3)     Counsel also informed Borrero of his right to identify any points he wished this Court to consider on appeal. Borrero has submitted points for this Court's consideration.[1] The State has responded to Borrero's points and has moved to affirm the Superior Court's judgment.

(4)     When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally

---

[1] At the Court's request, Counsel provided an English translation of Borrero's points.

devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[2]

(5) Borrero's points on appeal may be summarized as follows: (i) the sentence is excessive; (ii) he should receive consideration for working twenty-five years at the same job, previously doing a mental health program for alcoholics, and successfully serving probation for two years; and (iii) he is currently unable to obtain work in the prison and wishes to be released early. After careful consideration, we find no merit to Borrero's appeal.

(6) This Court's review of a sentence is "limited to whether the sentence is within the statutory limits prescribed by the General Assembly and whether it is based on factual predicates which are false, impermissible, or lack minimal reliability, judicial vindictiveness or bias, or a closed mind."[3] The sentence for DUI (fifth offense) is "not less than 3 years nor more than 5 years" of imprisonment.[4] Up to half of the minimum sentence may be suspended if the defendant completes a drug and alcohol abstinence program and a drug and alcohol treatment program.[5] Borrero's five-year sentence suspended after eighteen months fell within the statutory limits.

---

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).
[3] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).
[4] 21 *Del. C.* § 4177(d)(5).
[5] *Id.* § 4177(d)(8), (9).

(7) Borrero does not allege, and the record does not reflect, that the sentence is based on false, impermissible, or unreliable facts. Nor are there any allegations or sign of judicial vindictiveness, bias, or a closed mind. The Superior Court did not abuse its discretion in imposing the sentence set forth in the parties' plea agreement. Borrero's lengthy employment, previous completion of a program for alcoholics, and successful probation are laudable, but he does not dispute that he is guilty of DUI (fifth offense).

(8) Having carefully reviewed the record, we conclude that Borrero's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Borrero could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

4