IN THE SUPREME COURT OF THE STATE OF DELAWARE

DOUGLAS MATTHEWS, § 
§ No. 269, 2024
Defendant Below, §
Appellant, §
§ Court Below—Superior Court
v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID Nos. 2207004584,
§ 2207005476 (N)
Appellee. §
§

Submitted: January 16, 2025
Decided: February 18, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the record on appeal, it appears to the Court that:

(1) In July 2022, Douglas Matthews assaulted his girlfriend and then fled from police. The charges arising from his assault of his girlfriend were brought in Cr. ID No. 2207004584 and the charges arising from his flight from police were brought in Cr. ID No. 2207005476. He was arrested in November 2022. In April 2023, a grand jury indicted Matthews in both cases for first-degree burglary, second-degree assault, disregarding a police officer's signal, and other crimes.

(2) On September 5, 2023, Matthews pleaded guilty to first-degree burglary, second-degree assault, resisting arrest, and stalking in exchange for dismissal of the other charges. Sentencing was deferred so that Matthews could provide mitigation evidence. After Matthews sent a letter requesting withdrawal of his plea because he was misadvised, his counsel moved to withdraw and the Superior Court appointed new counsel to represent Matthews.

(3) Matthews' new counsel subsequently advised the court that Matthews no longer wished to withdraw his plea. On June 7, 2024, the Superior Court sentenced Matthews as follows: (i) for first-degree burglary, effective November 7, 2022, ten years of Level V incarceration, suspended after four years for decreasing levels of supervision; (ii) for second degree assault, three years of Level V incarceration; (iii) for stalking, one year of Level V incarceration; and (iv) for resisting arrest, one year of Level V incarceration, suspended for six months of Level III probation. The Superior Court subsequently modified the effective date to October 19, 2022. This appeal followed.

(4) On appeal, Matthews' counsel ("Counsel") filed a brief and a motion to withdraw under Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Matthews of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief.

(5)     Counsel also informed Matthews of his right to identify any points he wished this Court to consider on appeal. Matthews has not provided points for this Court's consideration. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(6)     When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(7)     This Court has reviewed the record carefully and has concluded that Matthews appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Matthews could not raise a meritorious claim on appeal.

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:


*/s/ Karen L. Valihura*
Justice