IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARCUS BAILEY, | § | |
| | § | No. 235, 2025 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 220301323A (K) |
| | § | |
| Appellee. | § | |
| | § | |

Submitted: November 24, 2025
Decided: January 6, 2026

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the record on appeal, it appears to the Court that:

(1) In October 2022, a grand jury charged the appellant, Marcus Bailey, with first-degree murder (intentional and felony murder), first-degree robbery, and weapon crimes. In April 2024, Bailey pleaded guilty to second-degree murder as a lesser included offense of first-degree murder and possession of a firearm during the commission of a felony ("PFDCF") in exchange for dismissal of the other charges. The State also agreed to cap its unsuspended Level V time recommendation to thirty

years, and Bailey agreed not to request less than twenty years of unsuspended Level V time.

(2)     At sentencing in August 2024, Bailey's counsel advised the court that Bailey had just informed him that he wished to withdraw his guilty plea.  Bailey's counsel withdrew and new counsel appeared for Bailey.  In December 2024, new counsel filed a motion to withdraw Bailey's guilty plea.  The State opposed the motion.   The Superior Court denied the motion, concluding that the *Scarborough* factors weighed against allowing withdrawal of the plea.[1]

(3)     On April 29, 2025, the Superior Court sentenced Bailey as follows: (i) for second-degree murder, effective March 27, 2022, forty years of Level V incarceration, suspended after twenty-seven years for decreasing levels of supervision; and (ii) for PFDCF, twenty-five years of Level V incarceration, suspended after three years for Level III probation.  This appeal followed.

(4)     On appeal, Bailey's counsel ("Counsel") filed a brief and a motion to withdraw under Rule 26(c).  Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues.  Counsel informed Bailey of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief.

---

[1] *See Scarborough v. State*, 938 A.2d 644 (Del. 2007).

(5)	Counsel also informed Bailey of his right to identify any points he wished this Court to consider on appeal.  Bailey has not provided points for this Court's consideration.  The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(6)	When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[2]

(7)	This Court has reviewed the record carefully and has concluded that Bailey's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Bailey could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

3